IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDGAR GUTIERREZ,            )
                            )
          Plaintiff,        )
                            )
     v.                     )    No. 15 C 7978
                            )
SWISSPORT USA, INC., et al.,)
                            )
          Defendants.       )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Edgar Gutierrez's (Gutierrez) motion to remand. For the reasons stated below, the motion to remand is denied.

## BACKGROUND

Gutierrez alleges that he sustained injuries on July 30, 2013 while working at Chicago O'Hare International Airport (Airport). Gutierrez claims that Defendant Swissport USA, Inc., Defendant Swissport Cargo Services, Inc., Defendant Swissport Cargo Services, L.P., and Defendant Swissport SA, LLC were conducting business as service providers for cargo and ground handling in the Airport at that time. Gutierrez contends that he assisted Defendants' workers with the unloading and loading of cargo crates, which were approximately 10 feet in height and 500

1

pounds in weight, by forklift. Gutierrez claims that he suffered a finger amputation and hand injury in the course of handling and moving the cargo crates.

On July 30, 2015, Gutierrez filed the instant action in the Circuit Court of Cook County, Illinois, including in his complaint claims for negligence against Defendants. Defendant Swissport Cargo Services, L.P. (Swissport L.P.) removed the state action to federal court alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332. (Not. 1). The remaining Defendants have consented to the removal of the instant action. (Not. 3, Ex. C). Gutierrez now moves to remand the instant action back to state court.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* When an action is removed to federal court and a defendant invokes federal subject matter jurisdiction, the defendant bears the burden of showing that the federal court has subject matter jurisdiction. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012)(stating that "[t]he party invoking federal jurisdiction bears the burden of

demonstrating its existence").

## DISCUSSION

Gutierrez argues that Defendants have failed to show that this court has diversity subject matter jurisdiction. (Rem. 1). Diversity subject matter jurisdiction is delineated in 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties with complete diversity of citizenship. *Id.*

I.  Diversity of Citizenship

Gutierrez argues that Swissport L.P. failed to state the citizenship of the Defendants at both the time of filing and removal of the instant action. (Rem. 3). The court gave counsel for Defendants an opportunity to file a brief memorandum addressing the citizenship of Defendants and their members. (DE 13); *see* 28 U.S.C. § 1653 (stating that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts"). In the motion to remand, Gutierrez concedes that "there exists diversity at this time," but merely suggests that "[a]ny joinder of plaintiff's employer would destroy diversity in this action." (Rem. 3). In their supplemental response, Defendants show that the parties named in the instant action are of diverse citizenship, since none of the Defendants share Gutierrez's citizenship of Illinois. (Supp. 1-2). Thus, Defendants have shown that complete diversity of

3

citizenship exists between the parties.

II. Amount in Controvery

Gutierrez also argues that Defendants have not established that the amount in controversy exceeds $75,000. (Rem. 2). Swissport L.P. contends that the amount in controversy is met since Gutierrez's complaint alleges that he suffered a "hand and finger amputation injury," and that Gutierrez thus "values the case in excess of $75,000 based on the injuries alleged." (Not. 3).

The Seventh Circuit has held that "[t]he party seeking removal bears the burden of proving the propriety of removal" and "doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013); *see Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006)(stating that "the proponent of federal jurisdiction has the burden of proof," and that a defendant "seeking removal may meet that burden by a preponderance of the evidence"). However, once a case has been removed and the defendant has met its burden, "a plaintiff may move to remand the case back to state court only if appears to a legal certainty the amount in controversy cannot be met." *McCormick v. Independence Life and Annuity Co.*, 794 F.3d 817, 818 (7th Cir. 2015).

In instances of removal, the Seventh Circuit has defined the amount in controversy as "the amount required to satisfy the plaintiff's demands in full . . . on the day the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th

Cir. 2006)(citing *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002)). Additionally, once a case has been removed to federal court, a "removing defendant's estimate of the stakes" controls, unless it is "legally impossible" for a court to award that amount. *McCormick*, 794 F.3d at 818; *see Oshana*, 472 F.3d at 510-11 (stating that "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence" and that "[o]nce the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount")(internal quotations omitted).

In the motion to remand, Gutierrez argues that the amount in controversy is not met because his complaint solely "seeks damages in excess of the jurisdictional minimum of the Law Division of the Circuit Court of Cook County (currently $30,000)," noting that he settled with his worker's compensation claim for $24,353.23. (Rem. 1-2). Specifically, Gutierrez contends that he is seeking compensation for "injuries sustained to two fingers," including a fracture to his left middle finger, and that he underwent surgeries to his ring and middle fingers. (Rem. 1, 3). However, in the complaint, Gutierrez alleges that he suffered more than a fracture, but rather "a finger amputation and hand injury" in the course of handling cargo crates. (Compl. 4, 8, 12, 16). Gutierrez also alleges that he "was caused to and will in the future experience great physical pain, mental suffering, emotional distress, disability, disfigurement, [and] loss of a normal life," that he "has incurred, and will in the future incur, legal obligations for medical and hospital bills," and that he "has

5

suffered, and will in the future suffer, lost earnings and lost earning capacity," further stating that such "injuries and conditions are permanent in nature." (Compl. 4-5, 8-9, 12-13, 16).

Therefore, based on the extent of the injuries alleged, it is reasonable for Defendants to infer that Gutierrez values the case to be in excess of $75,000. *See Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004)(stating that "[i]t is the *case,* rather than the *claim,* to which the $75,000 minimum applies")(emphasis in original). Moreover, as Defendants note, Gutierrez "does not unequivocally deny [that] he hopes to get more than $75,000 from the litigation." (Resp. 2); *see Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830-31 (7th Cir. 2011)(stating that "[a] plaintiff in Illinois can limit the relief to an amount less than the jurisdictional minimum, and thus prevent removal, by filing a binding stipulation or affidavit with the complaint"). Defendants have provided sufficient justification for their reasonable belief and good-faith estimate of what Gutierrez hopes to be awarded in the instant action, and Gutierrez has not demonstrated that it would be legally impossible or implausible for a court to award an amount in excess of $75,000. Thus, Defendants have shown that the amount in controversy at the time of removal exceeded $75,000 and that there is diversity subject matter jurisdiction. Based on the above, the motion to remand is denied.

## CONCLUSION

Based on the foregoing analysis, Gutierrez's motion to remand is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 23, 2016